UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERCEDES GARCIA,

       Plaintiff,

v.                          CASE No. 8:10-CV-2237-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-five years old at the time of the administrative hearing and who has a limited education, has worked as a

_____

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

cashier and teacher's aide (Tr. 33, 35-36).[2]  She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled in June 2007 due to depression. diabetes. and back disc pain (Tr. 143).  The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge.  The law judge found that, based on the plaintiff's income in excess of $15,000 in 2007 and 2008, the plaintiff had engaged in substantial gainful employment during those two years and, therefore. she was not disabled from the claimed disability onset date through December 31, 2008 (Tr. 16).

The law judge then continued to assess whether the plaintiff was disabled from January 1, 2009, through the date of the decision (Tr. 23).  The law judge found that, during this time period, the plaintiff had severe impairments of morbid obesity, diabetes mellitus. lumbar degenerative disc disease with herniated nucleus pulposus, hypertension, and major depressive disorder, single episode, in partial remission  (Tr. 17).  The law judge

---

[2]The plaintiff testified at the hearing to a sixth grade education (Tr. 33). although other portions of the record state that she has a ninth grade education (<u>see</u>, <u>e.g.</u>, Tr. 231).

concluded that, in light of those impairments, the plaintiff had the following

residual functional capacity (Tr. 19):

> [She can] perform sedentary work ... and can lift
> and carry less than ten pounds frequently and less
> than ten pounds occasionally; can stand and walk
> for two hours in an eight hour work day; can sit for
> six hours in an eight hour workday; and is unable
> to perform repetitive crouching, crawling,
> climbing, or squatting. She has a fair ability to
> maintain attention and concentration for extended
> periods beyond two hours, due to pain. She has a
> fair ability to perform at a consistent pace without
> taking occasional breaks. She is unable to perform
> jobs where there is [a] high concentration of dust,
> fumes, odors, gases, and poor ventilation. She has
> a fair ability to understand and remember detailed
> instructions.

The law judge determined that these limitations prevented the plaintiff from

performing past work (Tr. 22). However, based upon the testimony of a

vocational expert, the law judge found that the plaintiff could perform jobs

that exist in significant numbers in the national economy, such as document

preparer, taper, and an assembler in the optical industry (Tr. 22-23).

Accordingly, she decided that the plaintiff was not disabled (Tr. 23). The

Appeals Council let the decision of the law judge stand as the final decision

of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary

-4-

conclusion is not enough to justify a reversal of the administrative findings."
Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). cert.
denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the
courts, to resolve conflicts in the evidence and to assess the credibility of the
witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is
the responsibility of the Commissioner to draw inferences from the evidence,
and those inferences are not to be overturned if they are supported by
substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.
1963).

Therefore, in determining whether the Commissioner's decision
is supported by substantial evidence, the court is not to reweigh the evidence.
but is limited to determining whether the record as a whole contains sufficient
evidence to permit a reasonable mind to conclude that the claimant is not
disabled. However, the court, in its review, must satisfy itself that the proper
legal standards were applied and legal requirements were met. Lamb v.
Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff argues that the record was not adequately developed as to her mental impairments because the law judge failed to order a second consultative psychological examination (Doc. 19, pp. 5-7). Further, the plaintiff contends that the law judge failed to incorporate into her residual functional capacity a treating physician's purported opinion that she could sit less than six hours in a workday (id., pp. 7-8). Neither argument has merit.[3]

A.    The law judge found that the plaintiff has a severe impairment of depression (Tr. 17). With regard to her mental functional capacity, the law judge found that the plaintiff had a fair ability to (1) maintain attention and concentration for extended periods beyond two hours, (2) perform at a consistent pace without taking occasional breaks, and (3) understand and remember detailed instructions (Tr. 19). The law judge included these limitations in the pertinent hypothetical question to the vocational expert, and specified further that, "by fair, I mean the ability to function is this area is limited, but satisfactory," and that "occasional" means three breaks daily (Tr. 48).

---

[3]The plaintiff did not challenge the law judge's finding that the plaintiff was not disabled from June 25, 2007, through December 31, 2008, because she was gainfully employed during 2007 and 2008 (see Doc. 19, p. 2).

The plaintiff argues that the record was not sufficiently developed to determine her mental limitations (Doc. 19. pp. 5-7). Specifically, the plaintiff argues that, in determining the mental residual functional capacity, the law judge "mostly relied on a psychological evaluation contained in the record that was performed on November 8, 2007," which is inadequate because an inference can be made that her psychological functioning deteriorated after she became unable to work on July 25, 2008 (id., pp. 6-7). Consequently, the plaintiff argues that the law judge should have obtained a second psychological examination. The record does not support the plaintiff's argument.

In the first place, it is questionable whether the law judge "mostly relied" on a 2007 psychological evaluation in determining the plaintiff's mental residual functional capacity. Thus, the law judge does not make such a statement, and the decision reflects that the law judge also considered the opinions of Drs. Joel B. Rose and Michaela Mallon, as well as the plaintiff's daily activities (Tr. 18, 21, 22). Significantly, Dr. Mallon was a primary care physician who treated the plaintiff from February 2008 through February 2010, prescribed medication for depression, and regularly indicated that the plaintiff's mental condition was normal (Tr. 352-91).

In all events, the plaintiff has not shown that a second psychological examination was necessary in order to develop the record adequately.   Thus, although the administrative law judge has a basic obligation to develop a full and fair record, Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981), the law judge "is not required to order a consultative examination ... [where] the record contains sufficient evidence for the administrative law judge to make an informed decision." Ingram v. Commissioner of Social Sec. Admin., 496 F.3d 1253, 1269 (11th Cir. 2007). Moreover, the plaintiff bears the burden of proving that she is disabled and, therefore, must produce evidence that supports her claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

The plaintiff's assertion that the plaintiff's mental status deteriorated after she stopped work in July 2008 is unpersuasive speculation. At the time of the November 2007 psychological evaluation, the plaintiff was unable to work because of her physical condition.   The plaintiff related that information to the examining psychologist (Tr. 231), and the evaluation obviously reflects that situation.   Although the plaintiff apparently returned to work, she stopped working again about July 2008.   The plaintiff has not pointed to any circumstance that indicates that, when she stopped working a

second time, her mental status was significantly different than it was just seven or eight months earlier when she was unable to work and underwent a psychological evaluation.

Moreover, the plaintiff had just been placed on an anti-depressant medication the month prior to the evaluation (id.). The examining psychologist stated that the plaintiff's "depression is improving since starting her medication" (Tr. 233). The therapeutic effect of her medication would seemingly be more beneficial as of July 2008.

Furthermore, the records of Dr. Mallon, the plaintiff's primary care physician who was treating her for her depression, contradict the plaintiff's argument that her mental functioning deteriorated after she stopped working again in July 2008. Thus, the plaintiff's medical records during the pertinent time reflect only sporadic complaints of depression to her primary care physician, and those were being treated with anti-depressant medication (see, e.g., Tr. 335, 337-38, 377). There is no indication that she sought treatment with a mental health professional. Importantly, Dr. Mallon frequently indicated during the time period that the plaintiff exhibited normal judgment, memory and affect, and that she was oriented to person, place and time (see, e.g., Tr. 352-53, 356-57, 362-63, 366-67). In particular, Dr. Mallon

-9-

would note "no mood disorder, affect appropriate" (Tr. 353, 355, 357, 359, 363, 367, 373). These reports, moreover, are similar to those from the time period when she was working (see, e.g., Tr. 381, 383, 389, 391). Dr. Mallon also reported on August 1, 2008, that the plaintiff had traveled to Puerto Rico to visit family and that she "enjoyed her trip" (Tr. 378).

In sum, the record clearly did not trigger the law judge's obligation to obtain a second consultative evaluation. See Sneed v. Barnhart, 214 Fed. Appx. 883, 886 (11th Cir. 2006)(unpub. dec.) ("brief references to depression, which was apparently being treated with medication, [are] insufficient to trigger the ALJ's duty to obtain a psychological consultative report."). Significantly, the plaintiff was represented at the administrative level by an attorney. The attorney did not request a second psychological evaluation either before or at the hearing. She apparently did not perceive a need for one. Under these circumstances, the law judge cannot be faulted because she did not, sua sponte, obtain a second psychological evaluation.

B. The plaintiff's second contention is that the law judge failed to discuss the opinion of the plaintiff's pain management specialist, Dr. Jorge J. Leal, that the plaintiff is able to sit less than six hours in an eight-hour workday (Doc. 19, pp. 7-8). As the Commissioner points out (Doc. 20, p.

-10-

10), this contention is groundless because Dr. Leal did not opine that the plaintiff was limited in sitting like that.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not doing so. <u>Phillips</u> v. <u>Barnhart</u>. 357 F.3d 1232, 1240 (11th Cir. 2004). The law judge gave "substantial weight" to Dr. Leal's opinions, which were stated in a Medical Source Statement of Ability To Do Work-Related Activities (Tr. 21-22).

The Medical Source Statement of Ability To Do Work-Related Activities is a list of questions regarding a claimant's functional limitations (Tr. 343-46). For each activity, the physician places a mark in the box beside the statement which reflects the person's degree of limitation (<u>id.</u>).

The pertinent question here concerned Dr. Leal's opinion of how many hours the plaintiff can sit during the workday (Tr. 344). Dr. Leal was given three options: (1) less than about six hours in an eight-hour workday; (2) about six hours in an eight-hour workday; or (3) must periodically alternate sitting and standing to relieve pain or discomfort (<u>id.</u>). Although Dr. Leal initially checked "less than about 6 hours in an 8-hour workday," he scribbled over that check mark, and placed a check in the box beside "periodically alternate sitting and standing to relieve pain or discomfort" (<u>see</u>

id.).   Thus, Dr. Leal did not opine that the plaintiff could sit less than six hours in a workday, but rather asserted that she needed a sit/stand option (id.).

The plaintiff does not mention this circumstance (see Doc. 19, pp. 7-8) and, therefore, she has not provided a different explanation for these markings. Regardless, when examining Dr. Leal's check marks in response to other questions in the questionnaire, it is patently clear that, with regard to sitting, he changed his opinion that she could sit less than six hours in a workday by scratching over the original check mark, and placing an unequivocal check mark beside the response that the plaintiff must periodically alternate sitting and standing.   And, in accordance with an instruction to explain such an option, he did so in the designated space (Tr. 344).

Moreover, the law judge understood Dr. Leal's opinion as requiring a sit/stand option (Tr. 22). That finding is not only reasonable and supported by substantial evidence, but it is compelling.  The law judge consequently incorporated the sit/stand option into a hypothetical question which elicited the vocational expert's opinion that, with that limitation (as well as others), the plaintiff could perform the work in the national economy that was the law judge's basis for a finding of not disabled (see Tr. 23, 51).

-12-

Therefore. the plaintiff's contention that the law judge did not give proper weight to Dr. Leal's opinion regarding her capacity to sit is meritless.

It is. therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa. Florida, this 31st day of August, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE